UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BAKYT SOOROV,

Petitioner,

v.

WARDEN OF MESA VERDE ICE
PROCESING CENTER, et al.,

Respondent.

No. 1:26-cv-01332-DC-AC (HC)

ORDER ADOPTING FINDINGS AND
RECOMMENDATIONS

(ECF No. 10)

Petitioner, an immigration detainee proceeding through counsel, filed this application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On May 1, 2026, the magistrate judge filed findings and recommendations, which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within three days. ECF No. 10. Respondents have filed objections to the findings and recommendations. ECF No. 11.

In their objections, Respondents, Respondents merely state that they object "[f]or the reasons set forth in Respondents' previous briefing." *Id.* However, those arguments were addressed and rejected by the magistrate judge in this case and by the undersigned in other cases. Specifically, the undersigned has found that the Due Process Clause requires that, in order for the government to re-detain a noncitizen who has been previously released on bond or conditional

1

parole under 8 U.S.C. § 1226(a), or humanitarian parole under 8 U.S.C. § 1182(d)(5), the government must provide a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. *See Selis Tinoco v. Noem*, 1:25-cv-01762-DC-JDP, 2025 WL 3567862 (E.D. Cal. Dec. 14, 2025) (granting motion for temporary restraining order and immediate release of the petitioner based on his likelihood of success on the merits of his due process claim); *Labrador-Prato v. Noem*, 1:25-cv-01598-DC-SCR, 2025 WL 3458802 (E.D. Cal. Dec. 2, 2025) (same); *D.L.C. v. Wofford*, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (same); *Altin v. Chestnut*, No. 1:26-cv-00792-DC-CSK, Doc. No. 8 (E.D. Cal. Feb. 5, 2026) (granting motion for temporary restraining order and habeas petition as to the petitioner's due process claim).  Thus, Respondents' objections do not provide a basis upon which to reject the findings and recommendations.

In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule 304, this court has conducted a <u>de novo</u> review of this case.  Having carefully reviewed the entire file, the court finds the findings and recommendations to be supported by the record and by proper analysis.

Accordingly, IT IS HEREBY ORDERED that:

1.  The findings and recommendations (ECF No. 10) are ADOPTED;

2.  Petitioner's first amended petition for writ of habeas corpus (ECF No. 5) is GRANTED, as follows:

    a.  Respondents shall IMMEDIATELY RELEASE petitioner Bakyt Soorov, A-244-047-140, with the same conditions he was subject to immediately prior to his detention on August 7, 2025.  At the time of release, Respondents must return all of Petitioner's documents and possessions;

    b.  Respondents shall not impose any additional restriction on Petitioner unless it is determined to be necessary at a future pre-deprivation/custody hearing;

    c.  Respondents be ENJOINED AND RESTRAINED from re-detaining Petitioner unless they provide at least 7 days' notice to Petitioner and hold a pre-deprivation bond hearing before a neutral arbiter, at which Petitioner's eligibility for bond

must be considered;

    d.  This order does not address the circumstances in which Respondents may detain Petitioner in the event petitioner becomes subject to an executable final order of removal and Petitioner receives notice of that final order of removal;

3.  Within three (3) days from the date of entry of this order, Respondents shall file a notice of compliance confirming Petitioner's release and that the conditions of his supervision are the same as those to which he was subject prior to his August 7, 2025 detention;

4.  The Clerk of the Court is directed to serve a copy of this order on the Mesa Verde Detention Center; and

5.  The Clerk of the Court is directed to enter judgment for Petitioner and close this case.

IT IS SO ORDERED.

Dated:   **May 4, 2026**                         _____

Dena Coggins
United States District Judge

3